```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
```

```
David Navari, James Turner,     ]
Perry Babel, Paul Mangan,       ]
Jeffery Cooke, David Fortin,    ]
and Brent Grady                 ]
                                ]
                                ]
           v.                   ]     Case No. 2:09-CV-162
                                ]
Salvatore Matano,               ]
Individually, as Bishop of      ]
the Roman Catholic Diocese of   ]
Burlington, Vermont, Inc. and   ]
as trustee; John J. McDermott   ]
Individually, and Chancellor    ]
of the Roman Catholic Diocese   ]
of Burlington, Vermont, Inc.    ]
and as Trustee, Martin Hoak,    ]
Individually, as Finance        ]
officer of the Roman Catholic   ]
Diocese of Burlington,          ]
Vermont Inc., and as Trustee;   ]
and the Roman Catholic          ]
Diocese of Burlington,          ]
Vermont, Inc.                   ]
```

**MEMORANDUM AND ORDER**

David Navari and six co-plaintiffs sued Martin Hoak and three co-defendants under the Fraudulent Conveyances Act ("Act"), 9 V.S.A. Chapter 57. Hoak has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) as to the charges made against him individually and in his capacity as finance director of the Burlington Diocese. The motion to dismiss is **GRANTED**. Hoak may still be sued in his capacity as a trustee of charitable trusts containing Diocesan property.

**Factual Background**

Hoak is the finance director of the Roman Catholic Diocese of Burlington, Vermont. He is also a trustee, along with Defendants Matano and McDermott, of a number of charitable trusts containing properties held by the Diocese. In 2006, these charitable trusts were created to hold Diocesan real estate, investment accounts, and other assets. Hoak has been sued by Plaintiffs in at least two capacities: as an individual, and as trustee of some of the Charitable Trusts created in 2006. Hoak also asserts he has also been sued in a third capacity: as the finance director of the Burlington Diocese. This third claim is unclear from the pleadings. Hoak seeks to have the claims against him dismissed as to the counts in his individual capacity and as finance director of the Diocese.

**Discussion**

The Court has diversity jurisdiction over this case, and therefore applies Vermont state law. 28 U.S.C. § 1332(c)(1). Hoak argues that under Fed. R. Civ. P. 12(b)(6), the Plaintiffs have failed to state a claim on which relief can be granted as to the claims against him in his individual capacity and as finance director of the Diocese. Hoak states that the language of the Act only allows for suit in his capacity as a trustee of some of the trusts that contain transferred Diocesan real estate, investment

accounts and other assets. The Plaintiffs allege these Diocesan assets were transferred fraudulently to charitable trusts to avoid payment of clergy molestation settlements.

The plain text of the Fraudulent Conveyances Act must control in analyzing its meaning. *In re D-Antonio*, 939 A.2d 493, 496 (Vt. 2007) (mem.)(citing *Burlington Elec. Dep't v. Dep't of Taxes*, 576 A.2d 450, 452 (Vt. 1990)). The Diocese is considered a "debtor" under 9 V.S.A. § 2285(5) because debt means "liability on a claim," and the Plaintiffs are alleging the Diocese owes a debt on each of the alleged claims.

Commencing in late 2005, the Defendants Diocese and Matano began a series of transfers of Diocesan assets to charitable trusts which they created. The plaintiffs assert these transfers were fraudulent within the meaning of 9 V.S.A. § 2288. Matano, McDermott, and Hoak are trustees for the charitable trusts which now house Diocesan assets. (Compl. ¶ 33). Plaintiffs allege that Hoak made or participated in these transfers. A transfer is defined under 9 V.S.A. § 2285(9) as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease and creation of a lien or other encumbrance." In order to be prosecuted under the Act, one needs to fit the definition of a "transferee," a person who engaged in a type of transfer as listed above.

Through the transfers, Plaintiffs allege the Matano and Diocese fraudulently moved Diocesan assets that have been titled under the law of the State of Vermont in the name of the Diocese to Matano, McDermott, and Hoak as trustees. The Defendants do not dispute that Diocesan assets have been transferred, but maintain that "any and all types of trusts in which any of [the defendants] holds or held the title of trustee including but not limited to Resulting Trusts, are legal, property created, valid, enforceable, and their assets are not the subject of the claims asserts by these plaintiffs for alleged clergy abuse." (Def. Answer ¶ 23). In addition, the defendants claim that "the parish properties were historically held in a resulting trust. In 2006 Charitable Trusts were created to formalize the longstanding Resulting Trust that governed the relationship between the Diocese and the parishes." (Def. Countercl. ¶¶ 7-8).

Hoak's position as a trustee for some of the trusts containing Diocese property allows him to be covered under the Act. However, Hoak does not fall under the Act as an individual or in his capacity as the Finance Director of the Diocese. Therefore, Hoak can be sued solely in his capacity as a trustee of the charitable trusts containing Diocesan assets.

In a succinct, yet eloquently well-reasoned opinion by State Judge Helen Toor, in a virtually identical state court proceeding, the Chittenden Superior Court issued an order on

September 29, 2009 dismissing Plaintiffs' fraudulent conveyance claims against Hoak both individually and in his capacity as finance director of the Diocese. (Def. Ex. A). The state court found that it was not clear that the Plaintiff intended a claim against Hoak in his capacity as finance official of the Diocese, but regardless stated this claim would also be dismissed for lack of response. The State Court noted the claim against Hoak in his capacity as trustee remains.

The state superior court order should be given proper regard under *Bartolotta v. Liberty Mutual Ins. Co.*, 411 F.2d 115, 118 (2d Cir. 1969)(explaining that Second Circuit was obligated to give "proper regard" to Connecticut Superior Court decision in ascertaining applicable state law), and *Royal Indem. Co. V. Clingan*, 364 F.2d 154,158 (6th Cir. 1966). This Court agrees with the findings made by Judge Toor in this case.

**Conclusion**

The claim against Hoak is **DISMISSED** as to his individual capacity and his capacity as the finance director of the Diocese.

Dated at Burlington, Vermont this 18th day of November, 2009.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge, U.S. District

5